## Case No. 1,231.

BEERS et al. v. The JOHN ADAMS.

[34 Hunt, Mer. Mag. 74.]

District Court, S. D. New York. June 15, 1855.

MARITIME LIENS—CONSTRUCTION OF FOREIGN VESSEL—SALE ON CREDIT.

[1. The builder of a foreign vessel has a lien on such vessel for work done and materials supplied in her construction.]

[See Egleston v. The Agnes, Case No. 4,308; Menzies v. The Agnes, Id. 9,430. Contra, The Count De Lesseps, 17 Fed. 460.]

[2. Sale of a vessel on credit does not destroy a material man's lien.]

[In admiralty. Libel by Joseph Beers and others, as assignees of the firm of Crawford & Terry, against the steamboat John Adams, for work done and materials supplied in the construction of the steamboat, (the People's Ferry Company, claimant.) Decree for libellants.]

On the 28th of January, 1854, a contract was entered into between John Crawford, shipbuilder of Keyport, N. J., and William Small, of New York city, by which it was agreed that Crawford should build for and deliver to Small three ferry boats, of certain dimensions, for certain sums of money, and that the boats and the materials, as fast as they were fitted for use, should be the property of Small, subject only to a lien on the part of Crawford, for such sums of money as might be due under the contract. Crawford was in partnership with B. C. Terry, at Keyport, and the contract was made by him for the benefit of the firm, and was carried out by the firm. Under this contract, the John Adams was built by Crawford & Terry, at Keyport, and subsequently delivered to Small, at New York. They afterwards failed, and made an assignment to the libellants, who now libel the boat, to recover about $7,600, still due to Crawford & Terry, for building her, and to them as assignees of the firm, claiming that Crawford & Terry had a lien upon the boat, either under the general maritime law, which gives a lien for work done and materials supplied to or for a foreign vessel, and that, as Small was a nonresident of New Jersey, the John Adams was a foreign vessel; or under the contract,

which especially gave them a lien upon the boat, which would be enforced by a court of admiralty. The boat was claimed by the People's Ferry Company, a corporation duly incorporated under the laws of Massachusetts, who allege that on January 23, 1854, they made an agreement with Small to build three ferry boats for them; that under this contract, Small procured the John Adams to be built, as one of them; and that, when Crawford made his agreement with Small, he knew of Small's agreement with them; and they denied, therefore, that the libellants of Crawford & Terry had any lien upon the vessel on either ground claimed by them. They also claimed that, if Crawford & Terry had any lien, they were deprived of it by virtue of an attachment issued against them, before the filing of the libel, in favor of one of their creditors. There is no statute law of New Jersey which gives a material man a lien upon a vessel for supplies furnished. And it was admitted by the parties that the boat, while building, was the property of Small, who resided in New York.

Benedict, Scoville & Benedict, for libellants.

O'Connor, Dunning & Marbury, for claimant.

INGERSOLL, District Judge. It is very clear that the admiralty law creates a lien in favor of a party who does work or furnishes supplies to a foreign ship, and that a ship owned in another state is foreign. In determining the question whether such lien is created also in favor of the builder of a ship, as well as of him who furnishes work and supplies to her after she is built, the court is not controlled by the restricted admiralty courts of law of England, as exercised by them under the supervising power of the common law courts. The rules and principles of the admiralty law, as administered by the admiralty courts of this country, are more enlarged, more in conformity to the principles of the civil law, as administered by the maritime nations of continental Europe. According to that law, the interests of shipping and ships, not only in their creation, but in their preservation, are of paramount importance. The importance of this consideration is the reason why the material man who furnishes supplies for the preservation of the ship is entitled to a lien; and there is the like reason for giving a lien to him who has furnished necessaries to bring the ship into being. The English law gives only the common law possessory lien to a material man or to a builder, but the maritime law of continental Europe gives a maritime lien to those who build, supply or repair a ship, at least where she is a foreign ship. This is expressly stated by Boulay Paty, and this principle was acted upon for a long time by the English admiralty, before it was overthrown by the courts of common

law. That right of a material man who has furnished necessaries for the preservation of a foreign ship has been repeatedly acknowledged by the admiralty courts of this country. And as the like reason exists why a carpenter should have a lien on that which by his work and materials he creates, as on that which he preserves, after he has created it, and as by the general maritime law a lien exists in the one case, as in the other, the court must hold that Crawford & Terry had a lien upon the boat for the work done and materials furnished in building her. By the contract between Small and the respondents, no property in the boat vested in the respondents, who have not paid for the boat, and the contract between them and Small is not sufficient to defeat the lien of Crawford & Terry. Their lien upon the boat would not be taken away by the attachment against them. To take it from them, something more would have to be done, and nothing more has been shown to have been done. This view of the case renders it unnecessary to consider the other points raised.

Decree for the libellants, with a reference to ascertain the amount.